[Cite as *State v. Atkinson*, 2018-Ohio-4290.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. CT2018-0015 |
| ERIC R. ATKINSON | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2017-0410

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 22, 2018

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

GERALD ANDERSON      JOHN RUTAN
Muskingum Couty Prosecutor's Office      336 South High Street
27 North 5th Street, Ste. 201      Columbus, OH 43215
Zanesville, OH 43701

*Gwin, J.,*

{¶1} Defendant-appellant Eric A. Atkinson ["Atkinson"] appeals the imposition of a maximum sentence after his negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Atkinson was indicted on Count One, Felonious Assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree; Count Two, Domestic Violence (Prior Offense), in violation of 2919.25(A), a felony of the fourth degree; Counts Three and Four, Assault on a Peace Officer, in violation of R.C. 2903.13(A), each a felony of the fourth degree; and Count Five, Resisting Arrest, in violation of R.C. 2921.33(B), a first degree misdemeanor.

{¶3} Atkinson entered a guilty plea on January 11, 2018, to Counts One, Two, and Five. The state agreed to dismiss Counts Three and Four. A pre-sentence investigation report was prepared. According to the report, A.B. was taking her children trick-or-treating for Halloween on October 29, 2017. She went with her friend in her friend's neighborhood, who lives near Atkinson. Atkinson is the father of the children. As they walked past Atkinson's residence, he came out to the street wearing a mask to scare the children. When A.B. asked him to stop, they began arguing. Atkinson pushed her, then she kicked him, and he punched her in the face, and then pushed her again. A.B. and her group went back to her friend's residence and called the Sherriff's office. A.B. began vomiting and feeling sick, and while speaking with law enforcement, she lost consciousness. The Officers then responded to Atkinson's residence. Atkinson

admitted assaulting A.B., but claimed it was in self-defense because she kicked him in the groin.

**{¶4}** Atkinson was sentenced on February 12, 2018. The trial court merged Count One and Count Two. The state elected to move forward on Count One. The trial court sentenced Atkinson to an eight-year sentence on Count One and a six-month sentence on Count Five, to be served concurrently for an aggregate sentence of eight years.

*Assignment of Error*

**{¶5}** Atkinson raises one assignment of error,

**{¶6}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO A MAXIMUM PRISON TERM."

*Law and Analysis*

**Standard of Appellate Review.**

**{¶7}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶8}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the

record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

{¶9} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**ISSUE FOR APPEAL.**

*Whether the trial court properly imposed the maximum sentence in Atkinson's case.*

**(1). R.C. 2929.11 and R.C. 2929.12 and Maximum Sentences.**

{¶10} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16; *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶16.

{¶11} In *State v. Marcum*, the Supreme Court observed,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for

appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶ 23, 2016–Ohio–1002, 59 N.E.3d 123.

**{¶12}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶13}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or

economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C). Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

{¶14} In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶15} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13, *see also State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi* supra at ¶ 29.

{¶16} Thus, post-*Foster,* "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong,* 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster*, trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶17} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant*, 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes*, 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶ 10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors") (citations omitted); *State v. Taylor,* 5th Dist. Richland No. 17CA29*,* 2017-Ohio-8996, ¶23.

{¶18} In the case at bar, the trial court had the benefit of a pre-sentence investigation report, a letter from B.A., letters on behalf of Atkinson and B.A. and the arguments of counsel. The trial court observed,

> You have three prior felony convictions, the last one being a weapon
> under disability; the other two being one possession of cocaine, an F4, and

possession of marijuana; and prior to that was possession of cocaine with a forfeiture specification where 11 firearms, were taken away. And you were on community control with that when you committed this offense.

The Court would also note that you were charged twice with domestic violence, only the -- one was the conviction. You have seven suspensions of your license.

\* \* \*

According to the presentence investigation, there's been two surgeries already. There's additional mental and dental things that had to be dealt with. And after she heals, in a year there will be two addition -- more additional surgeries at least. That's why no restitution's being ordered at this point in time. It won't be known for quite some time, because her injuries are going to take forever. I don't know if the children's injuries will ever be recovered. They were out trick-or-treating when all this happened.

Upon review of all this, the Court feels that the appropriate sentence will be an eight-year sentence on the felony of the second degree; a six-month sentence on the misdemeanor of the first degree, to be served concurrently. The Court will order that you be given 12 days credit towards that sentence.

The Court finds that -- this to be appropriate, given the nature and seriousness of your conduct, when it occurred, how it occurred, and the fear that you have created to those around you.

Sent. T. Feb. 12, 2018 at 9-11.

{¶19} Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶20} Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court. We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Atkinson may disagree with the weight given to these factors by the trial judge, Atkinson's sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law.

{¶21} Atkinson's sole assignment of error is overruled. The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, P.J., and

Delaney, J., concur