[Cite as *State v. Atkinson*, 2021-Ohio-3414.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ERIC R. ATKINSON, | : | Case No. CT2021-0018 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Muskingum County
                    Clerk of Courts, Case No. CR2017-
                    0410


JUDGMENT:             Affirmed


DATE OF JUDGMENT:       September 27, 2021


APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

RONALD L. WELSH         ERIC ATKINSON, Pro Se
Prosecuting Attorney        741-899
Muskingum County         Noble Correctional Institution
                  15708 McConnelsville Road
By: TAYLOR P. BENNINGTON    Caldwell, Ohio 43724
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, P.J.*

{¶1}   Defendant-appellant Eric Atkinson appeals from the April 7, 2021 Entry of the Muskingum County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On October 29, 2017, Angelina Butler took her children trick or treating with her friend in her friend's neighborhood. Appellant is the father of Butler's children. Butler's friend lives near appellant. As they walked past appellant's residence, appellant exited his home, wearing a mask to scare the children. Butler asked appellant to stop and an argument ensued. Appellant pushed Butler, who responded by kicking him. In retaliation, appellant punched her in the face, and then pushed her. Butler and her group returned to her friend's residence and called the Sherriff's office. Butler felt sick and began to vomit. While speaking with law enforcement, Butler lost consciousness. The officers proceeded to appellant's residence. Appellant admitted assaulting Butler, but claimed it was in self-defense because she kicked him in the groin. As a result of the altercation, Butler had a concussion and pinched nerves. She underwent multiple surgeries to correct the damage that appellant caused.

{¶3}   On November 9, 2017, the Muskingum County Grand Jury indicted appellant on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of domestic violence (prior offense), in violation of 2919.25(A), a felony of the fourth degree; two counts of assault on a peace officer, in violation of R.C. 2903.13(A), felonies of the fourth degree; and one count of resisting arrest, in violation of R.C. 2921.33(B), a first degree misdemeanor.

{¶4} On January 10, 2018, appellant pled guilty to felonious assault, domestic violence (prior offense) and resisting arrest. The State agreed to dismiss the two counts of assault on a peace officer. The trial court ordered a pre-sentence investigation report. On February 12, 2018, appellant appeared before the trial court for sentencing. The trial court merged the felonious assault and domestic violence counts. The State elected to move forward on the felonious assault charge. Thereafter, the trial court sentenced appellant to an aggregate prison term of eight years. Appellant appealed his sentence to this Court, which affirmed. *State v. Atkinson*, 5th Dist. Muskingum App. No. CT2018-0015, 2018-Ohio-4290. The Ohio Supreme Court subsequently denied appellant's motion for leave to file a delayed appeal. *State v. Atkinson*, 154 Ohio St.3d 1510, 2019-Ohio-601,116 N.E.3d 1289.

{¶5} On December 26, 2018, appellant filed a pro se petition for post-conviction relief, seeking to have his conviction set aside. Appellant asserted two grounds in support of relief. First, appellant claimed the State failed to provide medical records and medical statements in discovery. Appellant explained the discovery was necessary for him to properly defend himself against the felonious assault charge, which required proof of serious physical harm to another. Appellant also alleged the State failed to establish an essential element of the offense of domestic violence, to wit: the victim was a family or household member. Appellant also requested an evidentiary hearing. Appellant did not include any documentation in support of his petition. Appellant subsequently filed a motion to amend his petition to include a claim that his sentence was disparate when compared to similarly situated defendants.

{¶6}   Via an Entry filed on June 4, 2019, the trial court denied appellant's petition. The trial court found that appellant had failed to provide any evidence in support of his claims. The trial court further found that the issues could have and should have been raised on direct appeal and, therefore, were barred by the doctrine of res judicata. The trial court also denied appellant's request for a hearing. Appellant then appealed.

{¶7}   Thereafter, on March 31, 2021, appellant filed a Successive Petition to Vacate or Set Aside Sentence. Appellant, in his petition, argued that he was denied due process of law because the trial court abused its discretion when it found that the victim had suffered injuries from appellant's actions that required surgery. Appellant claimed that he had received exculpatory evidence during a deposition that took place for a civil action filed years after the guilty plea in his criminal trial. Appellant also challenged his sentence and claimed that the trial court erred by barring his search and seizure claim. On the same date, appellant filed a Motion for Expert Assistance and a Motion for Appointment of Counsel.

{¶8}   The trial court, as memorialized in an Entry filed on April 7, 2021, denied appellant's motion. The trial court found that appellant had failed to provide any evidence supporting his claims, that he did not assert that the United States Supreme Court had recognized any federal or state right applying retroactively to his situation and that appellant had failed to demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief and that, but for a constitutional error, no reasonable factfinder would have found him guilty. Finally, the trial court found that the issues raised in appellant's petition could have, and should have, been raised in his direct appeal.

**{¶9}** Pursuant to an Opinion filed on May 21, 2020 in *State v. Atkinson*, 5th Dist. Muskingum No. CT2019-0055, 2020-Ohio-3122, this Court affirmed the June 4, 2019 judgment of the trial court.

**{¶10}** Appellant now appeals from the trial court's April 7, 2021 Entry, raising the following assignments of error on appeal:

**{¶11}** "I. APPELLANT'S DUE PROCESS WAS DENIED BY THE IMPROPER STATEMENT OF THE FACT FINDER OF EXCULPATORY EVIDENCE THAT APPELLANT HAD BEEN DENIED AND NOW IS CONTRADICTED."

**{¶12}** "II. TRIAL COURT ERREORED (SIC) OR ABUSED ITS DISCRETION BY DENING (SIC) APPELLANT A (SIC) EVIDENTIARY HEARING."

**{¶13}** "III. TRIAL COURT ERRORED (SIC) BY BARRING APPELLANT GROUNDS WITH THE DOCTRINE OF RES JUDICATA WHEN A CONSTITUTIONAL VIOLATION ACCURED (SIC) 4TH AND 14TH AMENDMENT WITH THE NEWLY DISCOVERED EVIDENCE."

I, III

**{¶14}** In his first and third assignments of error, appellant contends that the trial court erred and/or abused its discretion in denying his successive petition for post-conviction relief. In his second assignment of error, appellant maintains that the trial court erred by denying him an evidentiary hearing.

**{¶15}** The post-conviction relief process is a collateral civil attack on a criminal judgment, rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. The post-conviction relief proceeding is designed to determine whether "there was such a denial or infringement of the person's rights as

to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). Post-conviction review is not a constitutional right. Rather, it is a narrow remedy which gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Zich*, 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶ 9.

**{¶16}** R.C. 2953.23 governs successive petitions and states the following in pertinent part, as subsection (A)(2) is not applicable sub judice:

**{¶17}** (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

**{¶18}** (1) Both of the following apply:

**{¶19}** (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶20}** (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty

of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶21}** In reviewing appellant's petition, we find that appellant did not satisfy the requirements of R.C. 2953.23. We agree with the trial court that appellant failed to provide any evidence in support of his support his claim that the victim in this case did not suffer injuries that required surgery.   Appellant also failed to demonstrate that he was unavoidably prevented from discovering the facts necessary for his claims for relief and that,  but for constitutional error at trial, no reasonable factfinder would have found him guilty

**{¶22}** We further find that the issues that appellant raises are barred by the doctrine of res judicata. Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on direct appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus (1967). The claims that appellant raises either were, or could have been, raised in one of his prior appeals.

**{¶23}** We find, therefore, that the trial court did not err in denying appellant's successive petition without a hearing.

**{¶24}** Appellant's three assignments of Error are, therefore, overruled.

**{¶25}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, Earle, J. concur.