OPINION
{¶ 1} Michael K. Love appeals from the judgment of the Lake County Court of Common Pleas, dismissing his petitions for postconviction relief. We affirm.
 {¶ 2} September 25, 1998, the Lake County Grand Jury indicted Mr. Love on two counts of murder, in violation of R.C. 2903.02(A) and (B), each carrying a firearm specification. State v. Love (May 11, 2001), 11th Dist. No. 99-L-051, 2001 Ohio App. LEXIS 2147, at 1 ("Love I"). The charges stemmed from an altercation occurring at the *Page 2 
Argonne Arms apartment complex in Painesville, Ohio, on or about August 22, 1998, during which Mr. Love allegedly shot and killed one Kenneth Johnson. Id. at 1-5. The matter came on for jury trial commencing February 22, 1999; and, February 25, 1999, the jury found Mr. Love not guilty of murder pursuant to R.C. 2903.02(A), but guilty of felony murder pursuant to R.C. 2903.02(B), along with the attendant firearm specification. Mr. Love was sentenced to a term of imprisonment of fifteen years to life, with three years for the firearm specification.Love I at 6.
 {¶ 3} Mr. Love appealed; and in Love I, we affirmed the judgment of the trial court. Cf. id. at 11. April 26, 2006, Mr. Love moved the trial court for a new trial, pursuant to Crim.R. 33. May 2, 2006, he further moved the trial court for findings of fact and conclusions of law. By a judgment entry filed May 23, 2006, the trial court denied both motions.
 {¶ 4} November 9, 2006, and December 1, 2006, Mr. Love filed two, seemingly identical petitions for postconviction relief with the trial court. By a well-reasoned and convincing judgment entry filed January 18, 2007, the trial court, construing Mr. Love's petitions as one, denied them as untimely, or alternatively, as barred by res judicata.
 {¶ 5} Mr. Love timely noticed this appeal, assigning five errors:
 {¶ 6} "[1.] Love was denied equal protection under the law when the State was allowed to add Attempt on to the jury instructions broadening the indictment thereby prosecuting Love twice for the same offense using the same animus in violation of Amendment V and XIV of the U.S.C. Amend., O. Const. I Sec.10.
 {¶ 7} "[2.] Trial court committed error as Love's conviction was against the manifest weight of the evidence violating Love's constitutional right to due process *Page 3 
under Amendment XIV and XIII of the U.S.C. Amend., O. Const. I Sec.6, along with violating Ohio Rules of Court EC 7-13 (3).
 {¶ 8} "[3.] The State committed plain error in its instruction to the jury of the state not having to prove `intent' for the predicate felony under O.R.C. 2903.02(B) violating Love's due process rights Amendment XIV of the U.S.C. Amend., O. Const. I Sec.18.
 {¶ 9} "[4.] Love was denied effective assistance of trial counsel guaranteed him violating his due process rights under Amendment VI and XIV of the U.S.C. Amend., O. Const. I Sec. 10, along with violating Ohio Rules of Court R. 1.3, DR 1-102(A)(4); DR 6-101; DR 7-101(A)(3); DR 7106(C)(1); EC 4-5, 5-1, 7-9, 7-24, 7-25, 7-26.
 {¶ 10} "[5.] Love was denied effective assistance of appellate counsel guaranteed him violating his due process rights under Amendment VI and XIV of the U.S.C. Amend., O. Const. I Sec.10, along with violating Ohio Rules of Court. R. 1.3, EC 2-30; EC 4-5; EC 5-1; EC 7-4; EC 7-9."
 {¶ 11} We apply an abuse of discretion standard in reviewing postconviction relief proceedings. State v. Allen (Sep. 23, 1994), 11th Dist. No. 93-L-123, 1994 Ohio App. LEXIS 4274, at 3. An abuse of discretion is no mere error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 12} R.C. 2953.21, governing petitions for postconviction relief, provides that relief must be sought within one hundred eighty days from the date the trial transcript is *Page 4 
filed with the court of appeals, unless one of the exceptions set forth at R.C. 2953.23 is met. R.C. 2953.21(A)(2). R.C. 2953.23(A)(1) describes the two-part test most petitioners must meet before this time limit is waived, and the trial court can accept jurisdiction of an untimely appeal.[1] First, the petitioner must show either: (1) that he was unavoidably prevented from timely discovering the facts on which the petition is based; or, (2) that the United States Supreme Court has recognized a new, retroactive federal or state right that applies to the petitioner's case. R.C. 2953.23(A)(1)(a). If-and only if — the petitioner can leap this first hurdle, does the second arise: i.e., the petitioner must show, by clear and convincing evidence, that, "* * * but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * [.]" R.C. 2953.23(A)(1)(b). Further, matters which could have been raised by way of direct appeal cannot be challenged in postconviction relief proceedings, being barred by res judicata.State v. Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus.
 {¶ 13} In this case, the trial transcript was filed with this court August 11, 1999, in conjunction with Mr. Love's direct appeal. Pursuant to R.C. 2953.21(A)(2), Mr. Love's petition was untimely, unless it could pass the R.C. 2953.23(A)(1) test. It cannot.
 {¶ 14} Under his first and third assignments of error, Mr. Love argues the trial court improperly instructed the jury regarding attempted murder, as a lesser included offense under R.C. 2903.02(A), and the predicate offense of felonious assault under R.C. 2903.02(B), respectively. If so, these were issues which were evident at the time: Mr. Love points to no previously undiscoverable facts, or newly-minted, retroactive *Page 5 
federal or state right justifying postconviction relief outside the one hundred eighty days mandated by R.C. 2953.21(A)(2). Further, the issues are barred by res judicata, since they could, and should, have been raised on direct appeal. If there was any error, we cannot reach it now.
 {¶ 15} Similarly, under his second assignment of error, Mr. Love argues that false evidence from the coroner and from another state witness was offered to, and relied on by the jury in convicting him. If true, these matters were evident at the time of trial, and cannot be raised now. They are also barred by res judicata.
 {¶ 16} Under his fourth assignment of error, Mr. Love argues ineffective assistance of trial counsel, due to her alleged failure to investigate properly the crime, subpoena and question various witnesses, and an alleged conflict of interest. Again, these were matters evident at the time of trial, and so, cannot qualify as timely raised under the R.C. 2953.23(A)(1) test. Further, most of these alleged deficiencies actually were raised on direct appeal — and rejected by this court. See, e.g., Love I at 6-10. Consequently, even if timely raised, they would be barred by res judicata.
 {¶ 17} The first through fourth assignments of error lack merit.
 {¶ 18} By his fifth assignment of error, Mr. Love alleges ineffective assistance of appellate counsel, for failure to properly investigate the circumstances occurring in and around his trial, and for failure to consult. We merely note that claims regarding ineffective assistance of appellate counsel are not cognizable in postconviction proceedings brought pursuant to R.C. 2953.21. Morgan v. Eads, 104 Ohio St.3d 142,2004-Ohio-6110, at ¶ 6. Such claims must be raised by an application for reopening *Page 6 
filed pursuant to App.R. 26(B). Morgan at ¶ 7. Consequently, we are unable to review any alleged error by appellate counsel.
 {¶ 19} The fifth assignment of error lacks merit.
 {¶ 20} The judgment of the Lake County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] R.C. 2953.23(A)(2) concerns cases dependent on DNA evidence, and is irrelevant to this appeal. *Page 1