[Cite as *State v. Love*, 2015-Ohio-3548.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2015-L-009** |
| - vs - | : | |
| MICHAEL K. LOVE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 98 CR 000458.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Michael K. Love,* pro se, PID: A368-723, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Michael K. Love appeals from the judgment entry of the Lake County Court of Common Pleas, denying his motion to vacate void judgment of unlawful/wrongful conviction and sentence pursuant to Crim.R. 52(B). Mr. Love was convicted of felony murder, the predicate offense being felonious assault: he contends

the jury never made a finding of guilt on the predicate offense. Finding no error, we affirm.

{¶2} In September 1998, Mr. Love was indicted on two counts of murder, in violation of R.C. 2903.02(A) and (B), each carrying a firearm specification. *State v. Love*, 11th Dist. Lake No. 2007-L-030, 2007-Ohio-6256, ¶2. He was tried to a jury, which found him not guilty of murder, but guilty of felony murder. *Id.* The verdict forms included one for felonious assault, which was the predicate offense for felony murder. The jury did not complete or sign this form. Mr. Love appealed his conviction, and this court affirmed. *State v. Love*, 11th Dist. Lake No. 99-L-051, 2001 Ohio App. LEXIS 2147 (May 11, 2001). Mr. Love did not assign any error regarding the verdict forms on direct appeal.

{¶3} In 2006, Mr. Love filed petitions for post conviction relief with the trial court, which that court denied. *Love*, 2007-Ohio-6256, ¶4. On appeal, Mr. Love argued that due to the failure of the jury to fill out the verdict form regarding felonious assault, the state had failed to establish the mens rea for felony murder. *Id.* at ¶3, 14. We found the issue barred by res judicata, since it could have been raised on direct appeal. *Id.* at ¶14.

{¶4} In October 2011, Mr. Love moved the trial court to correct his conviction as invalid and void. *State v. Love*, 11th Dist. Lake No. 2011-L-159, 2012-Ohio-3029, ¶6. Relying on R.C. 2945.75, Mr. Love again argued the verdict forms in his case were insufficient to establish the predicate offense of felonious assault. *See, e.g.*, *id.* at ¶6. This court noted that, pursuant to R.C. 2945.75(A)(2), "a defendant cannot be convicted of a higher degree of an offense unless the jury verdict forms strictly comply with the

2

express statutory requirements. *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, ¶14." *Love*, 2012-Ohio-3029, ¶15. However, this court, once again, found the issue barred by res judicata, since it could have been raised on direct appeal. *Id.* at ¶16-26.

**{¶5}** October 28, 2014, Mr. Love filed the motion subject of this appeal, again seeking to vacate his judgment of conviction and sentence. The state opposed, and Mr. Love replied. December 31, 2014, the trial court denied the motion, finding it barred by res judicata. Mr. Love timely appealed, assigning ten errors.

**{¶6}** We commence by analyzing his seventh assignment of error, which states: "Trial court erred in giving defendant a final appealable order disposing of his trial case and not having him present for the purposes of the issuing of a new judgment and sentence." Mr. Love argues his original conviction and sentence were merely interlocutory, and thus, that he was entitled to be present in court when the instant judgment was entered.

**{¶7}** We agree with the state that Mr. Love's motion to vacate his conviction and sentence is in the nature of a motion for post conviction relief. Thus, it is a quasi-civil action. *See, e.g., State v. Morrison*, 11th Dist. Trumbull No. 2014-T-0063, 2014-Ohio-4885, ¶3. The civil rules applied. *See, e.g., State ex. rel. Ford v. McClelland*, 8th Dist. Cuyahoga No. 100014, 2013-Ohio-4379, ¶4. Civ.R. 58(B) governs the requirements for a final judgment in civil actions, and the proceedings of the trial court and the clerk in this case comply with the requirements of that rule.

**{¶8}** This assignment of error lacks merit.

**{¶9}** The remaining nine assignments of error read:

**{¶10}** "[1.] Defendant was denied effective assistance of counsel.

3

{¶11} "[2.] Defendant was denied effective assistance of counsel.

{¶12} "[3.] Trial court erred violating defendant's due process rights by using improper jury instructions with the predicate felony of felonious assault as a lesser included offense to felony murder.

{¶13} "[4.] Trial court erred violating defendant's due process rights when trial court proceeded to sentence defendant with an incomplete verdict knowing this to be a deviation from the legal rule. This act by trial court is plain error that immediate reversal.

{¶14} "[5.] Due process rights violation occurred when the state who fashioned the jury instructions remained silent knowing trial court was issuing improper instructions to the jury with respect to the felony murder and felonious assault.

{¶15} "[6.] Due process violation occurred upon the return of the verdicts by the jury. The state knew the verdict for the felonious assault with respect to the felony murder to be incomplete having no legal effect and remained silent allowing a miscarriage of justice to take place.

{¶16} "[8.] * * * Trial court erred in accepting a verdict as final lacking the essential element for O.R.C. 2903.02(B) and Crim.R. 32(C).

{¶17} "[9.] Defendant's due process rights were violated based on the structuring of the charges by the state with the imposition of the felonious assault.

{¶18} "[10.] Trial court committed reversible error when it entered a judgment of conviction against defendant for felony murder in violation of O.R.C. 2945.75 lacking the predicate offense in violation of the Fourteenth Amendment to the United States Constitution."

4

{¶19} Each of these assignments of error relate to the alleged inadequacy of the verdict forms. As such consideration of them is barred by res judicata. *Love*, 2007-Ohio-6256, ¶14; *Love*, 2012-Ohio-3029, ¶16-26.

{¶20} These assignments of error lack merit.

{¶21} The judgment of the Lake County Court of Common Pleas is affirmed. All pending motions are hereby overruled.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.