**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Love v. O'Donnell,* Slip Opinion No. 2017-Ohio-5659.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5659

THE STATE EX REL. LOVE, APPELLANT, *v.* O'DONNELL, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Love v. O'Donnell,* Slip Opinion No. 2017-Ohio-5659.]**

*Mandamus—Challenge to sufficiency of verdict forms and verdict—Res judicata—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0923—Submitted May 2, 2017—Decided July 5, 2017.)

APPEAL from the Court of Appeals for Lake County,

No. 2015-L-143, 2016-Ohio-3007.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eleventh District Court of Appeals dismissing the petition of appellant, Michael K. Love, for a writ of mandamus.

{¶ 2} Love seeks an order compelling appellee, Lake County Court of Common Pleas Judge John O'Donnell, to vacate his sentence and issue a new judgment entry of sentence. He argues that the jury failed to sign the verdict forms

for the predicate offense (felonious assault) to his felony-murder conviction and therefore failed to find him guilty of the necessary predicate offense to that charge. Accordingly, Love argues that his sentence for felony murder is void.

{¶ 3} To obtain a writ of mandamus, Love must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) that Judge O'Donnell has a clear legal duty to provide it, and (3) that Love lacks an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

{¶ 4} Love's mandamus claim challenges the sufficiency of the verdict forms, which equates to a challenge to his sentencing. A sentencing error "does not patently and unambiguously divest the court or its judges of jurisdiction to enter judgment." *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

{¶ 5} Love appealed from his murder conviction but failed to raise his verdict-form challenge in that appeal. *State v. Love*, 11th Dist. Lake No. 99-L-051, 2001 WL 502027 (May 11, 2001). "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Accordingly, Love had, and pursued, an adequate remedy in the ordinary course of the law by way of his direct appeal.

{¶ 6} Love's mandamus claim is also barred by res judicata. "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit.

\* \* \* Res judicata requires a plaintiff to present every ground for relief in the first action or be forever barred from asserting it." *State ex rel. Robinson v. Huron Cty. Court of Common Pleas*, 143 Ohio St.3d 127, 2015-Ohio-1553, 34 N.E.3d 903, ¶ 8.  Love failed to raise his insufficient-verdict-form claim in his direct appeal, but he did raise that claim in postconviction proceedings.  He twice filed motions to vacate a void judgment based on his claims that the verdict forms were improper.  Both motions were denied.  *State v. Love*, 11th Dist. Lake No. 2011-L-159, 2012-Ohio-3029; *State v. Love*, 11th Dist. Lake No. 2015-L-009, 2015-Ohio-3548.

{¶ 7} Accordingly, the court of appeals correctly dismissed Love's mandamus petition on the basis of res judicata.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur

————————————

Michael K. Love, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Eric A. Condon, Assistant Prosecuting Attorney, for appellee.

————————————