[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simpson v. Cooper,* Slip Opinion No. 2018-Ohio-4068.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4068

THE STATE EX REL. SIMPSON *v.* COOPER, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Simpson v. Cooper,* Slip Opinion No. 2018-Ohio-4068.]

*Mandamus—Challenge to credibility of the evidence—Res judicata—Court of appeals' dismissal of petition affirmed.*

(No. 2018-0215—Submitted May 8, 2018—Decided October 10, 2018.)

APPEAL from the Court of Appeals for Hamilton County,

No. C-1700606.

_____

**Per Curiam.**

{¶ 1} Appellant, Marcus Simpson, appeals the judgment of the First District Court of Appeals dismissing his petition for a writ of mandamus against appellee, Hamilton County Common Pleas Court Judge Ethna Cooper. We affirm the judgment of the court of appeals.

## Background

**{¶ 2}** In 1984, Simpson was convicted in Hamilton County of one count of aggravated robbery and sentenced to five to 25 years in prison. The court of appeals affirmed. *State v. Simpson*, 1st Dist. Hamilton No. C-840420, 1985 WL 6728 (Apr. 3, 1985). We declined to accept Simpson's discretionary appeal.

**{¶ 3}** In November 2017, Simpson filed a petition for a writ of mandamus asking the First District Court of Appeals to compel Judge Cooper to vacate Simpson's aggravated-robbery conviction. Judge Cooper filed a motion to dismiss. In December 2017, the court of appeals granted the motion to dismiss on res judicata grounds.

## Legal Analysis

**{¶ 4}** To be entitled to a writ of mandamus, Simpson must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) Judge Cooper has a clear legal duty to provide it, and (3) Simpson lacks an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 5}** Simpson's mandamus claim challenges the credibility of the evidence on which his aggravated-robbery conviction is based. However, on direct appeal, Simpson challenged his conviction on insufficient-evidence and manifest-weight grounds. *Simpson*, 1985 WL 6728 at *1. Therefore, Simpson had—and has used—an adequate remedy in the ordinary course of the law and is not entitled to a writ of mandamus. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8 ("An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ").

**{¶ 6}** Moreover, in a previous appeal challenging the dismissal of a prior mandamus action, we held that "res judicata bars Simpson's claims concerning insufficiency of the evidence supporting his conviction." *State ex rel. Simpson v. Cooper*, 120 Ohio St.3d 297, 2008-Ohio-6110, 898 N.E.2d 936, ¶ 7. And in

Supreme Court case No. 2012-0501, Simpson filed an original action in mandamus in this court asserting similar claims. *State ex rel. Simpson v. Cooper*, 131 Ohio St.3d 1550, 2012-Ohio-2263, 967 N.E.2d 762 (granting Judge Cooper's motion to dismiss).

### Motions

{¶ 7} Simpson has also filed a motion asking this court to declare Judge Cooper a frivolous and vexatious litigator, as well as a motion to appoint the Office of the Ohio Public Defender to represent him for purposes of this appeal.

{¶ 8} S.Ct.Prac.R. 4.03(B) states that "[i]f a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A) of this rule, the Supreme Court may, sua sponte or on motion by a party, find the party to be a vexatious litigator." S.Ct.Prac.R. 4.03(A) defines an action as frivolous "if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law."

{¶ 9} Simpson argues that we should declare Judge Cooper to be a vexatious litigator because she has not vacated his conviction on the grounds that "the alleged victim Mr. Brunkel did committed [sic] the crime of perjury initiating the felony offense which [Simpson] illegally and unlawfully stands convicted of." (Emphasis deleted.) Simpson's legal history demonstrates that he has instituted numerous civil actions collaterally challenging his conviction on these grounds. And Judge Cooper's role in these civil actions has been limited to either ruling on his various trial-court motions or defending herself when named as a party. Accordingly, we deny Simpson's motion.

{¶ 10} We deny Simpson's motion to appoint counsel as moot.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, DEWINE, and DEGENARO, JJ., concur.

FISCHER, J., not participating.

_____

Marcus Simpson, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____