[Cite as *State v. Hull*, 2019-Ohio-23.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-050** |
| FLOYD J. HULL, SR., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000387.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A.* McGee, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Gary Michael Goins*, 13609 Shaker Boulevard, Suite 3-A, Cleveland, OH 44120 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Floyd J. Hull, Sr., appeals the denial of his petition for postconviction relief. We reverse and remand for further proceedings.

{¶2} Hull was indicted on ten drug offenses following a traffic stop. Four days before trial, his counsel filed a motion to suppress all evidence seized from his vehicle and all statements made by Hull. He argued that his stop was illegal because the officer lacked probable cause to make the stop and that he was improperly induced into confessing by investigating officers in exchange for leniency. The court overruled his

suppression motion as untimely, and Hull pleaded guilty to counts two and nine and the attendant forfeiture specifications. The eight remaining charges were dismissed. He challenged his sentence in his direct appeal, and we affirmed. *State v. Hull,* 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, 77 N.E.3d 484, *appeal not allowed,* 149 Ohio St.3d 1465, 2017-Ohio-5699, 77 N.E.3d 988.

**{¶3}** The trial court denied his petition for postconviction relief without a hearing finding res judicata bars relief. Hull raises two assigned errors:

**{¶4}** "[1.] The trial court abused its discretion in its application of the doctrine of res judicata to Hull's timely filed petition for postconviction relief pursuant to R.C. 2953.21 thus violating Hull's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1, Section 1 and 14 of the Ohio Constitution.

**{¶5}** "[2.] The trial court erred in denying Hull's postconviction relief petition where he presented sufficient evidence de hors the record to merit an evidentiary hearing."

**{¶6}** R.C. 2953.21, *Petition for postconviction relief; discovery,* states in part:

**{¶7}** "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶8}** "* * *

**{¶9}** "(D) * * * *Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief.* In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

**{¶10}** "(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." (Emphasis added).

**{¶11}** We review a court's denial of a postconviction petition for an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶48.

**{¶12}** "Absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. *Birath v. Birath,* 53 Ohio App.3d 31, 39, 558 N.E.2d 63 (10th Dist.1988). '* * * the term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). * * * 'the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." [*State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900,] ¶67." *Ivancic v. Enos,* 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

**{¶13}** Hull asserts in his petition that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment.

3

{¶14} The petitioner has the burden to prove the denial of effective trial counsel. *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164 (1965). In order to establish the denial of effective assistance of counsel, a defendant must first show that his attorney's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999), quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶15} Hull argues three instances of ineffective assistance. He first claims trial counsel operated under an incorrect premise that his confession was admissible and would be introduced at trial, and therefore, encouraged Hull to plead guilty. Second, Hull asserts his attorney was deficient in failing to timely file a motion to suppress, and that had it been timely, it would have been granted. And third, Hull claims counsel was deficient for failing to argue that the police lacked authority to initiate the traffic stop because they were outside their jurisdiction, which led to the search and his arrest. His arguments hinge on a successful motion to suppress.

{¶16} Attached to Hull's petition are several affidavits, including his own, in which several individuals aver that they were present during Hull's meetings with his trial attorney and heard his attorney explain that Hull had to accept the state's plea offer because his detailed confession was too damning. Hull also attaches his appellate counsel's affidavit, attorney G. Michael Goins, who attests that the prosecutor withdrew the deal that the arresting officers made with Hull and that thereafter, his trial counsel told

4

him that he was in a no-win situation because the confession made it impossible to defend the charges. Goins also attests that because of the withdrawn "deal," Hull sought his trial counsel to move to suppress all evidence, including his confession based on the illegality of the traffic stop.

{¶17} In denying his postconviction petition and his petition to vacate his judgment and sentence, the trial court held in part,

{¶18} "the Petitioner was represented by new counsel on his direct appeal. * * * Further, while the Petitioner's direct appeal did not specifically raise the issue of ineffective assistance of trial counsel, the appeal did raise the issues which he relies on as the basis for his claim that he was provided ineffective assistance of counsel, i.e., that he was coerced into entering a guilty plea because his incriminating confession to the arresting police officer could be used against him at trial * * * and that his attorney failed to timely file a motion to suppress. * * * The Eleventh District Court of Appeals specifically addressed these issues. * * * Thus, the Petitioner could have raised the issue of the effectiveness of his trial counsel based on these reasons * * *. Accordingly, res judicata precludes him from raising this issue now * * *."

{¶19} Res judicata precludes a party from asserting a ground for relief that could have previously been presented between the parties in the prior action. *State ex rel. Love v. O'Donnell,* 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶6. "[U]nder the doctrine of res judicata, an existing final judgment or decree binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit." *Id.*

{¶20} However, res judicata does not bar a postconviction petition if the petitioner can show that a determination of the ineffective assistance of counsel claim requires reference to evidence outside the record on direct appeal because Ohio law prohibits the

5

addition of new evidence to the trial record on direct appeal. *Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir.2012), citing *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500, (1978). Even when an appellant has new counsel on direct appeal, res judicata does not apply when the issue cannot be determined without evidence outside the record. *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169, (1982) syllabus.

{¶21} Hull asserted in his second assigned error in his direct appeal that "the trial court should have imposed the minimum possible prison terms in light the fact that he was 'forced' to enter a plea because of his coerced confession in exchange for promised leniency. Hull argues that his plea was involuntary because his confession was unlawfully induced by a promised benefit, which was later revoked." *State v. Hull,* 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, 77 N.E.3d 484, ¶44, *appeal not allowed,* 149 Ohio St.3d 1465, 2017-Ohio-5699, 77 N.E.3d 988. In analyzing this argument, we mentioned issues leading to his claims of ineffective assistance of counsel now before us:

{¶22} "Specifically, Hull claims he confessed to the charges against him as part of an agreement with detectives in exchange for leniency and the possibility of getting probation instead of prison time. Hull avers that he confessed, provided numerous leads and information about other individuals' illegal activities, and agreed to work as a confidential informant in exchange for leniency. However, Hull claims that the officers revoked the deal when they learned that he had a preexisting rape conviction. Thus, Hull did not make a favorable witness and was not a desirable informant.

{¶23} "* * *

{¶24} "The exchange between the court and Hull's counsel reveals that Hull was aware of potentially viable suppression issues, but did not timely file a motion to suppress in spite of the opportunity. Moreover, Hull would have learned that his alleged agreement

6

for leniency with the police was a nonstarter had either Hull or his counsel pursued the matter by contacting the drug task force. Had they pursued the agreement, they would have timely learned that Hull was not a desirable informant and filed a suppression motion before the eve of trial. Notwithstanding, Hull did not even attempt to move to continue the trial in order to pursue the merits of his suppression motion.

**{¶25}** "Based on the foregoing, Hull knowingly, intelligently, and voluntarily pleaded guilty to two of the ten drug trafficking charges against him." *Id. at* ¶44-65.

**{¶26}** Although there was some discussion before us in Hull's direct appeal about the timeliness of his motion to suppress and the basis for the motion, our analysis of the same was limited to the context before us, i.e., whether his plea was knowingly, intelligently, and voluntarily made, not whether suppression was warranted. *Id.* at ¶45. And assuming for the sake of argument only that the record previously before us established that counsel's untimely filing of the motion constitutes a deficiency sufficient to support a claim for ineffective assistance, this only satisfies one prong of the *Strickland* test. This does not, however, touch on the second prong, whether this alleged deficiency prejudiced Hull's defense depriving him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 20152 (1984).

**{¶27}** Hull's arguments alleging prejudicial effect, which underlie his postconviction petition, depend on facts outside the record. Hull's first and second ineffective assistance claims turn on facts, not in evidence, to establish that his confession should have been suppressed. And his third claim is reliant on evidence showing that the location of his traffic stop was outside of the officer's jurisdiction, and that no other exceptions applied, making the stop lawful. Without evidence dehors the record, Hull

7

cannot successfully present these arguments, and as such, res judicata does not bar these postconviction claims.

{¶28} Moreover, we disagree with the dissent's conclusion that Hull waived these issues via his guilty plea. A defendant who pleads guilty may attack the voluntary and knowing character of his guilty plea by showing that he was incompetently advised by his attorney to plead guilty. *McMann v. Richardson,* 397 U.S. 759, 772, 90 S.Ct. 1441 (1970) (holding an appellant may show that plea was not knowing or voluntary based on counsel's error in advising client about admissibility of confession); *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). In fact, the U.S. Supreme Court has expressly held that "the two-part *Strickland v. Washington* test *applies* to challenges to guilty pleas based on ineffective assistance of counsel." (Emphasis added.) *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (explaining that the "showing of 'prejudice' from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel will serve the fundamental interest in the finality of guilty pleas * * *.").

{¶29} Accordingly, his first assignment has merit.

{¶30} Hull's second assignment claims he is entitled to a hearing. We disagree. Instead, that determination remains for the trial court on remand.

{¶31} "[P]ostconviction relief petitions are subject to dismissal without a hearing if the petition and the supporting evidentiary documents do not contain sufficient operative facts which, if true, would establish substantive grounds for relief." *State v. Apanovitch*, 113 Ohio App.3d 591, 597, 681 N.E.2d 961 (8th Dist.1996), citing *State v. Sowell*, 73 Ohio App.3d 672, 682, 598 N.E.2d 136 (1991); *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

{¶32} In *Calhoun,* the Supreme Court set forth in detail a trial court's responsibility when considering whether to hold a hearing in this context:

{¶33} "[A] trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition. Because the statute clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended. '[I]f we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless.' * * *

{¶34} "Unlike the summary judgment procedure in civil cases, in postconviction relief proceedings, the trial court has presumably been presented with evidence sufficient to support the original entry of conviction, or with a recitation of facts attendant to an entry of a guilty or no-contest plea. The trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice. * * *

{¶35} "An affidavit, being by definition a statement that the affiant has sworn to be truthful, and made under penalty of perjury, should not lightly be deemed false. However, not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents. Thus, where a petitioner relies upon affidavit testimony as the basis of entitlement

9

to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential. See, generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104.

{¶36} "In determining the credibility of supporting affidavits in postconviction relief proceedings, * * * a trial court * * * should consider all relevant factors. * * * Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. * * *

{¶37} "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Id.* at 284-285.

{¶38} Accordingly, Hull is not entitled to a hearing because he submitted affidavits in support of his petition. Instead, the trial court must determine whether the petition, the record, and the supporting evidentiary documents contain sufficient operative facts which,

if true, would establish substantive grounds for relief consistent with the direction set forth in *Calhoun.* And if it so finds, then a hearing is required under R.C. 2953.21(D). If, however, it does not find a hearing is warranted and dismisses the petition, then it must issue findings of fact and conclusion of law sufficient to enable meaningful appellate review. R.C. 2953.21(D); *Calhoun, supra,* at 291-292.

**{¶39}** Hull's second assigned error lacks merit.

**{¶40}** The trial court's decision is reversed and remanded.


COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with a Concurring/Dissenting Opinion,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with a Concurring/Dissenting Opinion.

**{¶41}** I concur with the learned majority on assignment of error one. I dissent as to the reasoning regarding assignment of error two as there is a plethora of evidence in support of his motion. I would remand for the trial court to hold a hearing.

_____


DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

**{¶42}** I respectfully dissent and would affirm the decision of the lower court. The court correctly dismissed Hull's Petition for Post-Conviction Relief based on res judicata, albeit not because "Petitioner could have raised the issue of the effectiveness of his trial

11

counsel * * * in his [direct] appeal." Rather, a "defendant who * * * voluntarily, knowingly, and intelligently enters a plea of guilty with assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea,'" including claims that incriminating statements should have been suppressed and "that defense counsel provided constitutionally ineffective assistance." (Citation omitted.) *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 55 and 53. The fact that these claims may depend on evidence "de hors the record" is not material.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that ***he is in fact guilty of the offense with which he is charged***, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [i.e., a defendant "must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial." *McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 25 L.Ed.2d 673 (1970).]

(Emphasis added.) *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

{¶43} In the present case, the issue of whether Hull's "coerced" confession was admissible was raised in a Motion to Suppress filed prior to the entry of his guilty pleas. The trial court denied the Motion as untimely. With full knowledge that trial counsel had failed to file a timely Motion to Suppress, Hull entered his plea of guilty after affirming to the court that, by doing so, he was "giving up or waiving any right [he had] to appeal a

12

guilty finding [the] court will enter if [his] plea is accepted as well as any other issues that [he] could have raised or brought to [the] court's attention up to this point."

**{¶44}** On direct appeal, this court affirmed that, "[b]y entering guilty pleas, Hull waived his right to challenge the constitutionality of his stop, the search of his vehicle, and his confession on appeal." *State v. Hull*, 2017-Ohio-157, 77 N.E.3d 484, ¶ 67 (11th Dist.). This court likewise affirmed that Hull's plea was knowingly, intelligently, and voluntarily entered, despite the fact "that Hull was aware of potentially viable suppression issues, but did not timely file a motion to suppress in spite of the opportunity." *Id.* at ¶ 64.

**{¶45}** Given the foregoing, it is irrelevant that Hull has discovered evidence de hors the record that there were additional suppression arguments that could have been raised (the merit of which is far from being established). Hull knew that his Motion to Suppress had been denied as untimely and nonetheless admitted his guilt to certain crimes as part of a plea agreement with the State. He has waived his right to raise these issues again in a proceeding for post-conviction relief.

**{¶46}** Accordingly, for the foregoing reasons, I respectfully dissent.