[Cite as *State ex rel. Hull v. Culotta*, 2019-Ohio-5054.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

STATE OF OHIO ex rel. FLOYD J. HULL,   :      **PER CURIAM OPINION**

           Relator,               :

        - vs -               :      **CASE NO. 2019-L-086**

VINCENT A. CULOTTA, JUDGE,      :

           Respondent.        :

Original Action for Writ of Procedendo

Judgment:  Petition dismissed.

*G. Michael Goins*, 13609 Shaker Boulevard, Suite 3-A, Cleveland, Ohio 44120 (For Relator).

*Charles E. Coulson,* Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Respondent).

PER CURIAM.

{¶1}   Relator, Floyd J. Hull, seeks a writ of procedendo to compel Judge Vincent A. Culotta to rule following an appeal in which this court reversed and remanded for further proceedings on Hull's post-conviction petition.  *State v. Hull*, 11th Dist. Lake No. 2018-L-050, 2019-Ohio-23, ¶ 38.  Judge Culotta moves to dismiss arguing that Hull's petition is moot since he has ruled.

{¶2} "'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 16, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). "Procedendo is an order from a court of superior jurisdiction to proceed to judgment * * *." *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 67, 671 N.E.2d 24 (1996). A procedendo does not direct a court how to decide a matter, but only directs it to proceed. *Id.*

{¶3} However, the trial court has now denied Hull's petition finding no substantive grounds for relief and that a hearing was not warranted. *State ex rel. Findlay Publishing Co. v. Schroeder,* 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996) (courts may take judicial notice of appropriate matters in determining a motion to dismiss without converting it to a motion for summary judgment).

{¶4} Thus, Hull's petition is moot due to the trial court's ruling. *Davis v. Smalheer,* 11th Dist. Geauga No. 2010-G-2982, 2010-Ohio-6061, ¶ 5, citing *Perry v. McKay,* 11th Dist. Trumbull No. 2009-T-0023, 2009-Ohio-5767, ¶ 16 (finding merits of procedendo claim moot once judicial officer completes the act that relator seeks to compel).

{¶5} Hull's petition for writ of procedendo is dismissed.

THOMAS R. WRIGHT, P.J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.