[Cite as *State ex rel. Hendy v. Ohio Civ. Rights Comm.*, 2020-Ohio-3952.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO EX REL. CARY
HENDY

    Relator

    v.

OHIO CIVIL RIGHTS COMMISSION, ET
AL.

    Respondents

C.A. No.    29758

ORIGINAL ACTION IN
MANDAMUS

Dated: August 5, 2020

---

PER CURIAM.

{¶1} Cary Hendy has petitioned this Court for a writ of mandamus directed to Respondents, Ohio Civil Rights Commission and Judge Tammy O'Brien. Both Respondents moved to dismiss and Mr. Hendy responded in opposition. For the following reasons, this Court grants the motions to dismiss.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can

be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3}   According to Mr. Hendy's petition, the Commission investigated a complaint against Mr. Hendy.  Mr. Hendy believed the investigation was unfair and that the Commission obstructed justice both in reaching a decision and in having his appeal to the common pleas court dismissed for lack of jurisdiction.  Mr. Hendy appealed the trial court's dismissal to this Court and Mr. Hendy contends that the Commission's obstruction has continued with that appeal.

{¶4}   Mr. Hendy's complaint repeatedly asserts the same basic allegation:  the Ohio Civil Rights Commission investigation against him constituted a crime, the Commission continues to obstruct justice, and Judge O'Brien did not properly consider his appeal because of the Commission's unlawful action.  Mr. Hendy's prayer for relief covers eight pages and includes requests that the Commission "be straight" and "address items in truth * * *."  It also asks that this Court order the Commission to admit that it has changed the law under which it operates, extortion, and unlawful accusations.  Mr. Hendy asks this Court to hold other courts harmless because they were unknowingly obstructed from performing their roles by the Commission's obstruction.  He asks this Court to collect all of the information presented by the Commission to hold for this Court's future review.  Then, he asks that the Commission be ordered to present all of its documentation, free from its misconduct, to the common pleas court to be reviewed.

{¶5} The prayer for relief continues on for several more pages. It includes requests for an order that the Commission submit all of its proffered changes to the law for review, the common pleas court review the actions taken by the Commission and its staff, the common pleas court review all of Mr. Hendy's objections to the Commission's actions, an order that Mr. Hendy be allowed to present evidence of damages he has suffered, and several more general items that appear to repeat earlier demands.

*Requirements for a Writ of Mandamus and Motion to Dismiss*

{¶6} Mandamus is an extraordinary remedy, to be issued with great caution and discretion and only when the way is clear. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). The purpose of mandamus is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. *Id.*

{¶7} The Ohio Supreme Court has set forth the requirements for a writ of mandamus:

> A writ of mandamus is "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty." R.C. 2731.01. To be entitled to mandamus relief, [relator] must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

*State ex rel. Russell v. Klatt*, Slip Opinion No. 2020-Ohio-875, ¶ 7.

{¶8} Dismissal of a petition for writ of mandamus is appropriate only if it appears beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable

inferences are made in the relator's favor. *See, e.g., State ex rel. Martin v. Russo*, Slip Opinion No. 2020-Ohio-829, ¶ 7.

*Commission's Motion to Dismiss*

{¶9}   The Commission moved to dismiss.  Although it set forth two bases upon which dismissal would be appropriate, we will address only the second:  the complaint fails to state a claim for which relief can be granted.  As noted above, mandamus relief is appropriate only when the relator can establish that he has a clear legal right to the relief requested, the respondent has a clear legal duty to perform the requested acts, and he has no adequate remedy at law.

{¶10}  Although Mr. Hendy's complaint included a list of grievances he has with the Commission and its investigative process, he has not met the requirements for a writ of mandamus.  The Ohio Supreme Court has articulated that the writ of mandamus is to be issued with great caution and discretion and only when the way is clear.  *Taylor* at 166.

{¶11}  Despite the length of Mr. Hendy's complaint, he failed to articulate the clear legal duties the Commission has, or the clear legal right to relief he claims.  Mr. Hendy also had appeal available as an adequate remedy.  Mr. Hendy's petition notes that he has appealed the common pleas court's dismissal of his action.  To the extent Mr. Hendy contends the Commission failed to properly commence its investigation, or failed to consider evidence, appeal provided an adequate remedy to challenge the decision.

{¶12}  Because Mr. Hendy cannot demonstrate entitlement to a writ of mandamus against the Commission, its motion to dismiss is granted.

*Judge O'Brien's Motion to Dismiss*

{¶13} Judge O'Brien also moved to dismiss. Mr. Hendy's complaint only mentioned Judge O'Brien in passing, appearing to identify the common pleas court as another victim of the criminal conduct of the Commission. Mr. Hendy sought a writ to order Judge O'Brien to consider the Commission's documents, and render a decision, if this Court granted the writ as to the Commission.

{¶14} Mr. Hendy's complaint did not allege that Judge O'Brien had a clear legal duty to act or that he had a clear legal right to relief. As Judge O'Brien argued, appeal provided an adequate remedy and, as noted above, Mr. Hendy had appealed her decision.

{¶15} Because Mr. Hendy cannot demonstrate entitlement to a writ of mandamus against Judge O'Brien, her motion to dismiss is granted.

*Conclusion*

{¶16} Because Mr. Hendy is not entitled to a writ of mandamus, the motions to dismiss are granted, and this case is dismissed.

{¶17} Costs are taxed to Mr. Hendy. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CARY HENDY, Pro se, Relator.

WAYNE D. WILLIAMS, Principal Assistant Attorney General, for Respondent Ohio Civil Rights Commission.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent Judge O'Brien.