[Cite as *State v. Casey*, 2024-Ohio-746.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

MICHAEL E. CASEY

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Andrew J. King, J.

Case No. 23CA000032

O P I N I O N

CHARACTER OF PROCEEDINGS:      Appeal from the Guernsey County Court of Common Pleas, Case No. 22-CR-53

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 28, 2024

APPEARANCES:

For Plaintiff-Appellee

LINDSEY DONEHUE-ANGLER
Guernsey County Prosecuting Attorney
Law Administration Building

JASON R. FARLEY
Assistant Prosecuting Attorney
409 Wheeling Avenue
P.O. Box 189
Cambridge, Ohio 43725

For Defendant-Appellant

MICHAEL E. CASEY
Noble Correction Institute, No. 807415
15708 McConnelsville Road
Caldwell, Ohio 43724

*Hoffman, J.*

**{¶1}** Defendant-appellant Michael E. Casey appeals the September 29, 2023 Findings of Fact/Conclusions of Law/Judgment Entry entered by the Guernsey County Court of Common Pleas, which overruled his Post-Conviction Petition. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 21, 2022, deputies with the Guernsey County Sheriff's Office executed a search warrant at 63765 21st Street, Cambridge, Guernsey County, Ohio, the home of Appellant and his wife, Lisa Casey. The search warrant stemmed from a narcotics investigation involving Appellant and Lisa Casey. When officers arrived, they observed a male knocking on the side door of the residence. Officers instructed the man to step away from the door then conducted a knock and announce. When no one answered the door, officers forced their way into the residence

**{¶3}** Three men were located in the living room. Lisa Casey was in the bathroom, her hands and clothes appeared to be wet. Officers detained Lisa Casey and walked her outside the residence. Appellant was one of the three men in the living room. After being advised of her Miranda Rights, Lisa Casey admitted to flushing crack cocaine down the toilet. One of the officers discovered a small amount of water as well as small, white, rock-like objects in the toilet bowl. The officer retrieved the rock-like objects and conducted a field test, which was positive for cocaine. During a search of the residence, officers also found a digital scale, two glass pipes, what appeared to be crack cocaine, and what appeared to be powder cocaine in the living room, a glass Pyrex cup with a white residue inside as well as a security camera system. All of the items were taken into

evidence. The seized drugs were sent to the Central Ohio Regional Crime Lab for testing and determined to be cocaine.

{¶4} Appellant waived his Miranda Rights and agreed to speak with a detective. Appellant told the detective he did not sell the drugs, but traded drugs for work. Appellant acknowledged the drugs found in the residence belonged to him and were cocaine.

{¶5} On May 23, 2022, following a bindover from Cambridge Municipal Court, the Guernsey Count Grand Jury indicted Appellant on one count of permitting drug abuse, in violation of R.C. 2925.13(B), (C)(3)(a), a felony of the fifth degree; one count of possession of cocaine, in violation of R.C. 2925.11(A), (C)(4)(f), a felony of the first degree; and one count of possession of cocaine, in violation of R.C. 2925.11(A), (C)(4)(d), a felony of the second degree. Appellant appeared before the trial court for arraignment on May 26, 2023, and entered a plea of not guilty to the charges.

{¶6} On August 18, 2022, Appellant appeared before the trial court, withdrew his former plea of not guilty, and entered a plea of guilty to one count of possession of cocaine as set forth in Count Three of the Indictment, a felony of the second degree. Appellant also entered a guilty plea to the Bill of Information in Guernsey County Court of Common Pleas No. 22CR170.[1] The state dismissed Counts One and Two of the Indictment. The trial court deferred sentencing pending a pre-sentence investigation. At the sentencing hearing on October 21, 2022, the trial court ordered Appellant to serve an indefinite period of incarceration of six (6) to nine (9) years with a mandatory minimum of six (6) years. The trial court imposed a sentence of twelve (12) months in Case No. 22CR170, and

---

[1] Possession of crack cocaine, in violation of R.C. 2925.11(C)(4)(b), a felony of the fourth degree with a forfeiture of money specification.

ordered the sentence to be served consecutively to the sentence in the instant matter. Appellant did not appeal his convictions and/or sentence.

{¶7} On August 30, 2023, Appellant filed a pro se petition for post-conviction relief. Therein, Appellant asserted trial counsel was ineffective for failing to have the crack cocaine found in the toilet bowl independently reweighed. Appellant explained the original Indictment stated the crack cocaine found in the toilet bowl weighed 26 grams, however, Lisa Casey's counsel had the drugs independently reweighed and the weight of the drugs was determined to be 10.4 grams. Appellant maintained, if his trial counsel had also had the drugs independently reweighed, he would only have been charged with a felony of the third degree, not a felony of the second degree. Appellant did not attach an affidavit or other documentary evidence to support his petition. On September 19, 2023, the state filed a response, arguing Appellant failed to "put forth sufficient evidentiary material containing operative facts to move forward." Response to Post Conviction Relief Petition at p.2.

{¶8} Via Findings of Fact/Conclusions of Law/Judgment Entry filed September 29, 2023, the trial court denied Appellant's petition without a hearing. The trial court found a hearing was not warranted because Appellant failed to set forth sufficient operative facts to establish substantive grounds for relief and res judicata barred his claim. The trial court further found Appellant's claim of ineffective assistance of counsel argument did not relate to the voluntary and knowing character of his guilty plea, and the claimed ineffectiveness occurred prior to the plea; therefore, the argument was waived.

{¶9} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S OF [SIC] DUE PROCESS RIGHTS WHEN THE TRIAL COURT DISMISSED THE PETITION BELOW BASED UPON INSUFFICIENT SUPPORT, WHERE THE CLAIM IS SUFFICIENTLY SUPPORTED AND PROVEN BY THE EVIDENCE AND PLEADINGS FILED IN APPELLANT'S WIFE'S CASE, AND BOTH CASES WERE BASED UPON THE SAME FACTS AND EVIDENCE; AND WHERE THE EVIDENCE AND PLEADINGS FILED IN THE APPELLANT'S WIFE'S CASE SHOW THAT THE APPELLANT'S CONVICTION AND SENTENCE ARE UNCONSTITUTIONAL AND ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S OF [SIC] DUE PROCESS RIGHTS WHEN THE TRIAL COURT DISMISSED THE PETITION BELOW BASED UPON INSUFFICIENT SUPPORT, ALTHOUGH THE CLAIM IS PROVEN BY THE EVIDENCE AND PLEADINGS FILED IN THE APPELLANT'S WIFE'S CASE BEFORE THE SAME JUDGE; BOTH CASES WERE BASED UPON THE SAME FACTS AND EVIDENCE; AND THE COURT FAILED TO TAKE JUDICIAL NOTICE OF THE APPELLANT'S WIFE'S CASE.

I, II

{¶10} Because Appellant's first and second assignments of error involve similar analysis, we shall address said assignments of error together.

**{¶11}** R.C. 2953.21(A) provides, in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States... may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶12}** A petition for post-conviction relief "is a means to resolve constitutional claims which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Atkinson*, 5th Dist. Muskingum No. CT2021-0018, 2021-Ohio-3414, 2021 WL 4435344, ¶ 15, citing *State v. Zich,* 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶ 9.[2] Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67(1994). A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner

---

[2] To such extent, we disagree with the trial court's conclusion Appellant's petition for post-conviction relief was barred by the doctrine of res judicata.

automatically entitled to an evidentiary hearing on the petition. *State v. Lewis,* 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶ 8, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819(1980).

{¶13} In his petition for post-conviction relief, as discussed, supra, Appellant raised a claim of ineffective assistance of counsel. Specifically, Appellant maintained trial counsel was ineffective for failing to have the crack cocaine found in the toilet bowl independently reweighed, and, had counsel done so, Appellant would only have been charged with a felony of the third degree, not a felony of the second degree. We find Appellant's claim speculative, at best. Appellant entered into a negotiate plea whereby he agreed to plead guilty to one count of possession of cocaine as set forth in Count Three of the Indictment, a felony of the second degree. In exchange, the state would dismiss Counts One and Two of the Indictment. Appellant also entered a guilty plea to the Bill of Information in Guernsey County Court of Common Pleas No. 22CR170. The state dismissed Counts One and Two of the Indictment.

{¶14} "A guilty plea represents a break in the chain of events that preceded it in the criminal process." *State v. Allen*, 9th Dist. Summit Nos. 27494, 28213, 2017-Ohio-2831, ¶ 37 (Citations and internal quotations omitted). "[I]neffective assistance of counsel arguments that do not relate to the voluntary and knowing character of the defendant's plea, and involve errors that occurred prior to the plea, are waived by a guilty plea." *State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 16. However, even if we were to consider the merits of Appellant's argument, we would overrule it.

{¶15} "When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze his or her claim under the two-step test set forth in

*Strickland v. Washington*, 466 U.S. 668 (1984)." *State v. Muzic*, 9th Dist. Summit No. 28646, 2017-Ohio-8563, ¶ 8 (Citation omitted). The petitioner must show: (1) counsel's performance was deficient, and (2) the deficiency prejudiced him. *Strickland*, 466 U.S. at 687. In the context of a guilty plea, prejudice will lie only if "there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. Medina No. 09CA0049-M, 2010-Ohio-3545, ¶ 4.

**{¶16}** Appellant claims had trial counsel insisted the drugs be independently reweighed, the results would have revealed the weight of the drugs to be substantially less than the weight charged in the Indictment and only rose to the level of a felony of the third degree. Appellant did not attach an affidavit or other documentary evidence to support the claims asserted in his petition. Rather, Appellant argues the trial court should have taken judicial notice of the test results submitted in the case of his co-defendant, Lisa Casey.

**{¶17}** Judicial notice allows a court to accept, "for purpose of convenience and without requiring a party['s] proof, * * * a well-known and indisputable fact." *State v. Blaine,* Highland App. No. 03CA9, 2004-Ohio-1241, 2004 WL 524667, ¶ 12; Evid.R. 201. A trial court can take judicial notice of the court's docket. *Helfrich v. Madison*, 5th Dist. Licking No. 08–CA–150, 2009–Ohio–5140, ¶ 49, citing *State v. Washington*, 8th Dist Cuyahoga Nos. 52676, 52677, 52678, 1997 WL 16180. However, a trial court cannot take judicial notice of court proceedings in another case. *Campbell v. Ohio Adult Parole Auth.*, 10th Dist. Franklin App. No. 97APE05–616, 1997 WL 678199. Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject

matter are involved." *First Michigan Bank & Trust Co. v. P. & S. Bldg.*, 4th Dist. Meigs App. No. 413, 1989 WL 11915. A trial court "may only take judicial notice of prior proceedings in the immediate case." *In re LoDico,* Stark App. No. 2003–CA–00446, 2005-Ohio-172, 2005 WL 100953, ¶ 94. We find the trial court did not err or abuse its discretion in failing to take judicial notice of the test results in Lisa Casey's case.

{¶18} We further find the unsworn, self-serving statements Appellant made in his Post-Conviction Petition and Brief to this Court do not set forth sufficient operative facts, in light of the record and the trial court's thorough Crim.R. 11 colloquy, to establish trial counsel "coerced" him into the guilty plea and made his guilty plea less than knowing and voluntary.

{¶19} Based upon the foregoing, we find the trial court did not err or abuse its discretion in dismissing Appellant's petition.

{¶20} Appellant's first and second assignments of error are overruled.

{¶21} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, J.
Delaney, P.J. and
King, J. concur