[Cite as *State v. Rose*, 2024-Ohio-5053.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0053 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| JOHN R. ROSE, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00226 |

**O P I N I O N**

Decided: October 21, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*John R. Rose*, pro se, PID# A781-855, Mansfield Correctional Institution, 1150 North Main Street, P.O. Box 788, Mansfield, OH 44901 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, John Rose, appeals the denial of his successive petition for postconviction relief from the Ashtabula County Court of Common Pleas. Appellant's underlying conviction was for Aggravated Murder, in violation of R.C. 2903.01(A).

{¶2} Appellant raises three assignments of error, all of which relate to whether the trial court erred in dismissing his petition for postconviction relief without a hearing.

{¶3} After review of the record and the applicable caselaw, we find Appellant's assignments of error to be without merit. The trial court appropriately exercised its discretion to not hold a hearing for postconviction relief when it determined that Appellant

failed to present substantive grounds for relief and that the materials in support of his petition were not credible.

{¶4} Therefore, we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶5} In June 2020, Appellant was indicted by the Ashtabula County Grand Jury. He was charged with: Count One: Aggravated Murder in violation of R.C. 2903.01(A), an unclassified felony; Count Two: Murder in violation of R.C. 2903.02(A), an unclassified felony; Count Three: Murder in violation of R.C. 2903.02(B), an unclassified felony; and Count Four: Felonious Assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Appellant pled not guilty and a jury trial was held.

{¶6} The jury found Appellant guilty on all counts. The trial court found that Counts Two, Three, and Four merged with Count One for purposes of sentencing. The court sentenced Appellant to life in prison without the possibility of parole.

{¶7} Appellant timely filed an appeal in *State v. Rose,* 2022-Ohio-3197 (11th Dist.). We affirmed Appellant's conviction in that case and found that the trial court committed plain error by allowing Appellant's wife, Marie Rose, to testify without first making an affirmative determination on the record that Marie Rose had elected to testify. However, we also concluded that this error was harmless and that the outcome of the trial would not have been different without Marie Rose's testimony.

{¶8} On March 11, 2022, during the pendency of his direct appeal, Appellant filed a pro se motion for leave to file for a new trial. On March 21, 2022, Appellant filed a motion in limine for a new trial. On April 7, 2022, Appellant filed a petition for postconviction relief.

2

Case No. 2024-A-0053

{¶9} The trial court overruled these motions without a hearing. In its judgment entry, the trial court noted that it treated Appellant's motions for a new trial as motions for postconviction relief because Appellant had filed the motions while he had a direct appeal pending. Appellant appealed the denial of these motions.

{¶10} In *State v. Rose,* 2022-Ohio-4041 (11th Dist.), we appointed counsel for Appellant and counsel filed a merit brief arguing that the trial court erred by dismissing his petition for postconviction relief without a hearing. We found that the trial court did not abuse its discretion and affirmed.

{¶11} On November 28, 2022, Appellant moved for reconsideration of this Court's judgment affirming the denial of his postconviction petition without a hearing. He argued that trial counsel had rendered ineffective assistance of counsel for not raising the issue of the trial court recasting his motion for new trial and motion for new trial in limine as motions for postconviction relief under Crim.R. 33. We overruled his motion for reconsideration. Appellant then appealed to the Ohio Supreme Court, which did not accept the appeal for review. *State v. Rose*, 2023-Ohio-86.

{¶12} On November 16, 2023, Appellant filed a second petition for postconviction relief, captioned as an "Amended Petition for Post-Conviction Relief." Appellant later filed "Additional Appendices" on May 2, 2024.

{¶13} On May 9, 2024, the trial court denied Appellant's successive petition for postconviction relief without a hearing. The trial court characterized the petition as "repetitive" and attempting to "relitigate every aspect" of the case already raised in his two prior appeals.

3

{¶14} The trial court relied on R.C. 2953.23(A)(1) and (2) which provide that a court may not entertain successive petitions for postconviction relief without satisfying the statutory requirements. The trial court determined that Appellant was not unavoidably prevented from discovering Marie Rose's affidavit and that Marie Rose was subject to cross-examination at trial.

{¶15} Further, the trial court observed that this Court previously determined it was harmless error to admit the testimony of Marie Rose. Thus, even if Marie Rose's testimony at trial was indeed false, the outcome of the trial would not have been different because Appellant "admitted that he killed [Paul] Ruffo in self-defense" and that "Appellant's flight, discarding the weapons, and dishonest statements severely undermine his claim of self-defense. [*State v. Rose,* 2022-Ohio-3197, ¶ 74 (11th Dist.)]."

{¶16} Finally, the trial court found Marie Rose's affidavit to not be credible because she had an interest in seeing Appellant's conviction overturned and because the affidavit did not specify which part of her "testimony was false or what made it false." Instead, the affidavit only made a "vague, generalized statement that the testimony was false."

{¶17} Therefore, the trial court denied Appellant's successive petition for postconviction relief without a hearing.

{¶18} Appellant timely appealed raising three assignments of error.

**Standard of Review**

{¶19} We review a trial court's decision on a petition for postconviction relief under R.C. 2953.02 for an abuse of discretion. *State v. Hobbs,* 2011-Ohio-5106, ¶ 14 (11th Dist.). An abuse of discretion is "the trial court's 'failure to exercise sound, reasonable,

4

and legal decision-making.' *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary 11 (8th Ed.Rev.2004)." *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.).

{¶20} R.C. 2953.21(A)(1)(a) provides, in relevant part, that "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." "Before granting a hearing on a petition . . ., the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(D).

{¶21} However, R.C. 2953.23 provides that a court "may not entertain" a successive petition unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent . . . to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . ..

{¶22} When a trial court dismisses a petition for postconviction relief, it is mandatory for the court to issue findings of fact and conclusions of law. R.C. 2953.21(D); *State v. Calhoun*, 86 Ohio St.3d 279, 291 (1999). The findings of fact and conclusions of law "need not discuss every issue raised by appellant or engage in an elaborate and

5

Case No. 2024-A-0053

lengthy discussion in its findings of fact and conclusions of law." *Id.* The findings need only be comprehensive and pertinent to the issues presented in the petition and provide a basis of support for the court's conclusion. *Id.* at 291-292.

{¶23} "A petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction." *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.). "The doctrine of res judicata establishes that 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal *from that judgment*, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" (Emphasis in original) *State v. D'Ambrosio,* 73 Ohio St.3d 141, 143 (1995), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶24} Appellant must provide competent, relevant, and material evidence outside of the trial court record in support of a postconviction petition to prevent the claim from being dismissed on res judicata grounds. *State v. Lacy*, 2020-Ohio-1556, ¶ 26 (11th Dist.), citing *Hobbs* at ¶ 18.

{¶25} Next, "postconviction relief petitions are subject to dismissal without a hearing if the petition and the supporting evidentiary documents do not contain sufficient operative facts which, if true, would establish substantive grounds for relief." *State v. Hull*, 2019-Ohio-23, ¶ 31 (11th Dist.), quoting *State v. Apanovitch*, 113 Ohio App.3d 591, 597 (8th Dist.1996); *Calhoun*, 86 Ohio St.3d 279. "The trial court has a duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing." *State v. Vinson*, 2008-Ohio-3059, ¶ 30 (11th Dist.).

6

Case No. 2024-A-0053

{¶26} Although a trial court should give deference to sworn affidavits filed in support of the petition, the court may nevertheless exercise its sound discretion by "determining whether to accept the affidavits as true statements of fact." *Calhoun, supra*, at 284. This is because R.C. 2953.21 "clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended." *Id.*

{¶27} In determining the credibility of supporting affidavits in postconviction relief proceedings, the trial court should consider the following factors: (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. *Id.* at 286.

{¶28} "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." *Id.*

**Assignments of Error and Analysis**

{¶29} Appellant's first assignment of error states: "The trial court erred to the prejudice of Defendant-Appellant for postconviction relief taken pursuant to R.C. 2953.21 ("A.P.C.R.P.") on grounds its predecessor 2953.21 petition ("P.C.R.P.") was a 2nd or

7

successive petition; and, secondly, in so adjudicating the APCRP, it proceeded without subject matter jurisdiction."

{¶30} Broadly, Appellant's argument in his first assignment of error relates to his first petition for postconviction relief. He argues that the trial court erred by recasting his post-conviction motions for a new trial as a petition for postconviction relief and that the trial court overruled his April 7, 2022 Petition for Postconviction Relief "sub silentio."

{¶31} However, this argument is not properly before us. Appellant's appeal of the denial of his first petition for postconviction relief did not address the trial court's recasting of his motions. Appellant then filed an application for reconsideration on this basis, which we overruled. After that, Appellant appealed to the Ohio Supreme Court, which did not accept the appeal for review. *State v. Rose*, 2023-Ohio-86. Thus, this argument is barred by the doctrine of res judicata. *See State v. D'Ambrosio,* 73 Ohio St.3d at 143.

{¶32} Appellant argues that res judicata should not apply because he did not raise this issue in his prior appeal from denial of postconviction relief in *State v. Rose*, 2023-Ohio-4041 and could not have argued this issue until he suffered prejudice from the trial court's improper recasting.

{¶33} A petitioner is barred by res judicata from raising an issue in a petition for postconviction relief if the petitioner was represented by counsel and the issue was raised or could have been raised at trial or on direct appeal. *State v. Jackson,* 2019-Ohio-4735, ¶ 15 (11th Dist.). To overcome res judicata, a petitioner "must adduce evidence outside the record that demonstrates" the petitioner "could not have appealed the constitutional claims based upon information already in the record." *State v. Gatchel,* 2008-Ohio-1029, ¶ 35 (11th Dist.).

8

{¶34} Appellant's argument is without merit because he was represented by counsel during his trial, his direct appeal, and during his first petition for postconviction relief. Therefore, res judicata bars any claims that were raised or could have been raised. *D'Ambrosio* at 143.

{¶35} More importantly, this argument is substantively incorrect. First, because Appellant did indeed file a first petition for postconviction relief on April 7, 2022. Second, the trial court correctly determined that it had the jurisdiction to hear a timely filed petition for postconviction relief while Appellant's appeal was pending, but did not have the jurisdiction to hear a motion for a new trial. *See State v. Yeager,* 2023-Ohio-2730*,* at ¶ 13 (11th Dist.) ("Because, at the time of the trial court's judgment, appellant's direct appeal from his conviction was still pending in this court, the trial court properly determined that it lacked jurisdiction to rule on appellant's motion for a new trial because the granting of such relief would conflict with this court's jurisdiction to fully review the pending final order.").

{¶36} Accordingly, Appellant's first assignment of error is without merit.

{¶37} We next address Appellant's second and third assignments of error in a consolidated fashion.

{¶38} Appellant's second assignment of error states: "The trial court erred by denying the merits of, and defendant's A.P.C.R.P. (and appendices) filed 11-16-2023, and Additional Appendices filed 5-2-24."

{¶39} Appellant's third assignment of error states: "The trial court abused its discretion to the prejudice of Appellant in making findings of fact that: 'Defendant appears to attempt to relitigate every aspect of [his criminal] case, including his two appeals'

9

(Judgment, P.1); 'Defendant filed a petition for Post-Conviction Relief, and the Petition was denied' (id., P.2); 'Defendant recognizes [his PCRP/APCRP] is clearly a successive petition . . . which is why he attempts to relate back the present petition to his prior ones in order to circumvent R.C. 2953.23' (id) '. . . [the] Defendant admitted he killed Ruffo in self-defense' (id.P.3); and that Rose could have discovered the contents of his wife's APCRP affidavit at time of trial because he was served with her complaint in jail in December, 2020; and that Marie's App. A-5 affidavit was not factually specific."

{¶40} Appellant's argument under these assignments of error address the trial court's substantive basis for denying his petition for postconviction relief and argue the trial court's findings of fact and conclusions of law in the judgment dismissing his petition were in error.

{¶41} Appellant's "Amended Petition for Post-Conviction Relief" and "Additional Appendices" contained numerous affidavits from many individuals, which we address in turn. Appellant argues that the affidavits and other attachments to his petition provide competent, relevant, material evidence warranting a hearing. However, whether applying the standard of review for successive petitions for postconviction relief or the standard of review for a first petition for postconviction relief, the trial court properly denied his petition without a hearing.

{¶42} Appellant's petition contained a March 28, 2024 affidavit of his wife, Marie Rose. In that affidavit, Marie Rose stated that she was pressured into giving a false statement to Detective Ward and later to give false testimony against Appellant at his jury trial. She claimed that Detective Ward told her he could make an active warrant for Marie

10

Case No. 2024-A-0053

Rose "disappear" and help her to get a quick divorce from Appellant and custody of her children.

{¶43} Appellant's petition also contained two affidavits of his son, Brian Rose. In the first affidavit, Brian Rose stated that he overheard conversations between Marie Rose and Detective Ward in which Detective Ward offered to help Marie Rose with court warrants and with a divorce from Appellant. This affidavit was attached to Appellant's first petition for postconviction relief. In the second affidavit, Brian Rose stated that the trial court had misattributed a statement he never made in his first affidavit. He also stated that Appellant did not confess, admit anything, or even speak to Marie Rose on the night of the murder. He said that Appellant told him Rachel Clevenger had stabbed the victim, Paul Ruffo.

{¶44} One affidavit of Appellant's daughter, Marissa Rose, stated that Appellant did not make any statements or admissions to Marie Rose on the night of the murder.

{¶45} Kacee Moser, an acquaintance of Appellant, provided an affidavit stating that she was at Appellant's house on the night of his arrest. She said that Marie Rose and Appellant did not talk that evening and that the two rarely talked at all. She also said that she spoke to Marie Rose after the trial and that Marie Rose admitted that she lied about statements Appellant made to her on the night of the murder. She said she was prepared to testify at trial but was never called as a witness.

{¶46} Richard Hennessey, an inmate at Mansfield Correctional Institution who had previously resided in Ashtabula County provided an affidavit. He said that he met Appellant at Mansfield Correctional Institution and asked about the murder of Ruffo. Hennessey said that Appellant has maintained his innocence in prison.

11

Case No. 2024-A-0053

**{¶47}** Appellant also attached at least thirteen of his own affidavits to his "Amended Petition for Post-Conviction Relief" and "Additional Appendices."

**{¶48}** In a February 14, 2022 affidavit, Appellant said that Detective Ward advised Marie Rose that Ward could help her get a quick divorce from Appellant as a means of nullifying the marital privilege before Appellant's trial.

**{¶49}** In a February 14, 2022 affidavit, Appellant said that his trial counsel "pushed a self defense strategy on me I didn't want because I didn't have to defend myself against Paul Ruffo attacking me. I did not stab or kill or otherwise cause the death of Paul Ruffo. Rachel Clevenger stabbed and killed him." Appellant stated that he told trial counsel this information and wanted to present those facts at trial but that trial counsel "refused that strategy" and "refused to investigate any aspect of the claim that Rachel stabbed Ruffo." He said that he initially took the blame and lied to investigators as a means of protecting Clevenger.

**{¶50}** In a February 14, 2022 affidavit, Appellant said that trial counsel failed to inquire into Ruffo's neighbor who gave statements to the police, failed to locate security camera footage, and failed to use a medical report that indicated his DNA was not on certain lacerations on Ruffo's body.

**{¶51}** In a February 15, 2022 affidavit, Appellant said that he learned that the Ashtabula County Sheriff's office knew that Paul Ruffo was operating a drug house and that his trial counsel refused to develop a defense using this information.

**{¶52}** In a March 7, 2022 affidavit, Appellant said that his trial counsel fell asleep during substantial segments of the direct examination of several witnesses, including the testimony of Marie Rose.

12

Case No. 2024-A-0053

{¶53} In a March 18, 2022 affidavit, Appellant said that he told trial counsel that Marie Rose had previously lied about his activity in a domestic violence incident and that trial counsel refused to investigate this claim or develop it at trial.

{¶54} In a November 14, 2022 affidavit, Appellant said that he found newly discovered evidence that Brian Rose overheard a conversation between Marie Rose and Detective Ward on the night of the murder. Appellant said that Brian Rose did not come forward with this evidence because he did not know of its importance at the time and because Marie Rose threatened him.

{¶55} In a January 6, 2023 affidavit, Appellant reiterated that trial counsel pressured him to rely on a self-defense strategy and restated that Clevenger killed Ruffo. He said he felt a need to protect her memory from being tarnished even after she died, and that he did not tell the truth at trial because of that desire.

{¶56} In a July 14, 2023 affidavit, Appellant stated that Marissa Rose's affidavit was newly discovered evidence. He said no one knew what Marie Rose would say at trial and that he did not know to seek Marissa Rose's impeachment testimony until then. He also stated that he asked trial counsel to interview everyone at his house on the night of the murder, but that counsel refused to do so.

{¶57} In a July 14, 2023 affidavit, Appellant said that the victim, Paul Ruffo, attacked him with a knife, the two scuffled and fell on the ground, and that Rachel Clevenger stabbed Ruffo to defend Appellant. Appellant denied stabbing Ruffo in self-defense.

Case No. 2024-A-0053

{¶58} In a July 17, 2023 affidavit, Appellant said that trial counsel refused to investigate what his children, Brian and Marissa, knew despite Appellant's insistence that he talk to them.

{¶59} In an August 23, 2023 affidavit, Appellant stated that his trial testimony that he "must have" stabbed Ruffo and his failure to identify Clevenger as stabbing Ruffo was false testimony that he only gave because he followed trial counsel's self-defense strategy.

{¶60} In an April 9, 2024 affidavit, Appellant said that he did not know what Marie Rose was going to say at trial and that he was unable to make contact with her until 2024. When he did make contact with her, she provided him with her affidavit stating that she had perjured herself at trial.

{¶61} The numerous affidavits Appellant attached to his petition are often contradictory, self-serving, and generally concerned with Appellant's claim that Clevenger, not Appellant, stabbed Ruffo. Appellant's assertion that Clevenger stabbed Ruffo is essentially the same as the one he made in his prior petition for postconviction relief. We affirmed the trial court's rejection of that assertion saying that:

> Appellant either perjured himself during his trial or . . . his intent is to perjure himself at a new trial based on the information he provided in his affidavit. Appellant failed to present competent, reliable, and material evidence that Appellant could not have presented at his murder trial. Therefore, the trial court properly exercised its discretion to dismiss Appellant's petition for postconviction relief without a hearing.

*State v. Rose,* 2022-Ohio-4041 at ¶ 56.

14

{¶62} Appellant's numerous self-serving affidavits in this petition are similarly not credible and the trial court properly exercised its discretion to dismiss the petition without holding a hearing.

{¶63} Next, as we noted in our decision on Appellant's first petition for postconviction relief, the affidavits from Appellant's children, and the defenses presented through their testimony could have been raised at Appellant's trial. *Id.* at ¶ 52.

{¶64} The trial court also concluded that Appellant was not unavoidably prevented from discovering the facts contained in Marie Rose's affidavit and that her affidavit was "not credible" because the affidavit failed to "specify which part of Marie's testimony was false or what made it false. The affidavit only makes the vague, generalized statement that the testimony was false. Further, as his former wife, Marie has an interest in Defendant's efforts to overturn his conviction for murder."

{¶65} Even construing Appellant's substantive arguments as if they were filed as a first petition for postconviction relief, the trial court properly exercised its discretion by finding Appellant's attachments to not be credible and denying his petition without a hearing. The mere filing of affidavits does not compel the trial court to accept all affidavits as true and thereafter hold a hearing on the petition. Appellant failed to provide competent, relevant, material evidence outside of the trial court record that would warrant a hearing. The trial court did not abuse its discretion in issuing its findings of fact and conclusions of law.

{¶66} Accordingly, Appellant's second and third assignments of error are without merit.

15

{¶67} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.