[Cite as *State v. Casey*, 2024-Ohio-5284.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 24 CA 10 |
| MICHAEL E. CASEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 22 CR 53

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 5, 2024

APPEARANCES:

For Plaintiff-Appellee

LINDSEY DONEHUE-ANGLER
PROSECUTING ATTORNEY
JASON R. FARLEY
ASSISTANT PROSECUTOR
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

MICHAEL E. CASEY
PRO SE #A807415
NOBLE CORR. INSTITUTION
15708 McConnelsville Road
Caldwell, Ohio 43724

*Wise, J.*

{¶1} Appellant, Michael Casey, appeals the April 15, 2024 Judgment Entry of the Guernsey County Common Pleas Court denying his motion to set aside judgment of conviction and permit the defendant to withdraw his guilty plea to correct manifest injustice and motion to take judicial notice of adjudicative facts   Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL BACKGROUND

{¶2} The Guernsey County Grand Jury indicted the appellant, Michael Casey, on one count of permitting drug abuse, a violation of R.C. 2925.13(B)(C)(3)(a), a felony of the fifth degree; one count of possession of cocaine, a violation of R.C. 2925.11(A)(C)(4)(f), a felony of the first degree, and one count of possession of cocaine, a violation of R.C. 2925.11(A)(C)(4)(d), a felony of the second degree.   In a separate case, his wife, Lisa Casey, was indicted on similar charges arising from the same set of facts.

{¶3} On August 18, 2022, appellant appeared before the trial court and, in a negotiated plea, changed his plea from not guilty to guilty of one count of possession of cocaine, a felony of the second degree.   In exchange for his guilty plea, the state dismissed the count of permitting drug abuse, a felony of the fifth degree and one count of possession of cocaine, a felony of the first degree.   In a separate case, appellant entered a guilty plea of possession of crack cocaine with a forfeiture specification, a felony of the fourth degree.

{¶4} On October 21, 2022, appellant returned to the trial court for sentencing. The trial court sentenced him to an indefinite period of incarceration of six to nine years

with a mandatory minimum of six years.  The trial court imposed a sentence of twelve months on the separate case and ordered the sentence to be served consecutive to the imposed indefinite sentence.

{¶5}    A statement of the facts underlying appellant's original plea of guilty and conviction is unnecessary to our disposition of this appeal.   The specific facts surrounding the charges are set forth in appellant's prior appeal - *State v. Casey,* 2024-Ohio-746 (5th Dist.), appeal not allowed, 2024-Ohio-2373.  Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein.

{¶6}    Appellant filed no direct appeal from his convictions and sentences. Instead, on August 30, 2023, appellant filed a pro se petition for post-conviction relief.

{¶7}    In that petition, appellant asserted trial counsel was ineffective for failing to have the crack cocaine found in the toilet bowl independently reweighed as did his wife's counsel.  According to appellant, if only his trial counsel had insisted on a reweighing of the crack cocaine, it would have resulted in a charge of possession of cocaine as a felony of the third degree, not a felony of the second degree.  In support, appellant argued that a copy of the laboratory analysis used in his wife's case showed the weight of the cocaine seized by law enforcement as less than 20 grams.

{¶8}    The trial court denied appellant's petition without a hearing and issued findings of fact and conclusions of law pursuant to R.C. 2953.21(A).

{¶9}    Appellant filed an appeal alleging two assignments of error:

{¶10} "I.     THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S OF [SIC] DUE PROCESS RIGHTS WHEN THE TRIAL COURT DISMISSED THE PETITION BELOW BASED UPON INSUFFICIENT SUPPORT,

WHERE THE CLAIM IS SUFFICIENTLY SUPPORTED AND PROVEN BY THE EVIDENCE AND PLEADINGS FILED IN APPELLANT'S WIFE'S CASE, AND BOTH CASES WERE BASED UPON THE SAME FACTS AND EVIDENCE; AND WHERE THE EVIDENCE AND PLEADINGS FILED IN THE APPELLANT'S WIFE'S CASE SHOW THAT THE APPELLANT'S CONVICTION AND SENTENCE ARE UNCONSTITUTIONAL AND ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶11}** "II.   THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S OF [SIC] DUE PROCESS RIGHTS WHEN THE TRIAL COURT DISMISSED THE PETITION BELOW BASED UPON INSUFFICIENT SUPPORT, ALTHOUGH THE CLAIM IS PROVEN BY THE EVIDENCE AND PLEADINGS FILED IN THE APPELLANT'S WIFE'S CASE BEFORE THE SAME JUDGE; BOTH CASES WERE BASED UPON THE SAME FACTS AND EVIDENCE AND THE COURT FAILED TO TAKE JUDICIAL NOTICE OF THE APPELLANT'S WIFE'S CASE."

**{¶12}** This Court found appellant's claim speculative at best and affirmed the decision of the trial court.  *Id.* at ¶ 13.  First, this Court found that appellant's ineffective assistance of counsel claim was waived by his guilty plea.  *Id.* at ¶ 14.  This Court further held that even if appellant's claim would be considered, it would be overruled.  *Id.* at ¶ 14.

**{¶13}** Appellant argued that this Court should take judicial notice of his wife's separate criminal charges and the test results submitted therein. This Court found that a trial court cannot take judicial notice of court proceedings in another case even if the same parties and subject matter are involved.  *Id.* at ¶ 17.

**{¶14}** Finally, this Court held that the trial court did not abuse its discretion in dismissing appellant's post-conviction petition. *Id.* at ¶ 19.

**{¶15}** While appellant's appeal on the denial of his petition for post-conviction relief was still pending, on November 23, 2023, appellant repackaged these same arguments and filed a motion to withdraw his plea based on newly discovered evidence, set aside his conviction, and take judicial notice of adjudicative facts.[1] The state filed a response and on April 15, 2024, the trial court denied the motion.

**{¶16}** The trial court found that appellant was seeking to withdraw his plea after sentencing and did not demonstrate a manifest injustice. The trial court further found that appellant's ineffective assistance of counsel allegation was addressed by this Court in appellant's first appeal and found speculative at best. The trial court further found that it could not take judicial notice of court proceedings in another case. *Judgment Entry, April 15, 2024.*

**{¶17}** Appellant now brings this second appeal from the trial court's judgment entry of April 15, 2024 arguing one assignment of error:

## ASSIGNMENT OF ERROR

**{¶18}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL RIGHTS BY IGNORING THE FACTS AND EVIDENCE SUBMITTED BY THE APPELLANT, AND DENYING HIS POST-SENTENCE CRIMINAL RULE 32.1 MOTION TO SET ASIDE THE JUDGMENT AND PERMIT THE APPELLANT

---

[1] The trial court did not dismiss the motion for want of jurisdiction because of appellant's pending appeal. *See State v. Godfrey,* 5th Dist. Licking No. 99 CA 95, 2000 WL 329802.

TO WITHDRAW HIS GUILTY PLEA TO CORRECT A MANIFEST INJUSTICE; AND BY FAILING TO ORDER AN EVIDENTIARY HEARING TO TEST THE EVIDENCE."

*Standard of Review*

**{¶19}** We review appellant's claims under an abuse of discretion standard. An abuse of discretion is "the trial court's failure to exercise sound, reasonable, and legal decision-making." *State v. Rose,* 2024-Ohio-5053, ¶ 19 (11th Dist.) (petition for post-conviction relief); *State v. Wilkes,* 2024-Ohio-4666, ¶ 14 (5th Dist.), (motion to withdraw plea after sentencing). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *State v. Smith,* 49 Ohio St.2d 261 361 N.E.2d 1324 (1977).")

*Withdrawal of plea after sentencing requires a manifest injustice*

**{¶20}** Crim.R. 32.1 governs the withdrawal of a guilty or no-contest plea and states:

A motion to withdraw a plea of guilty or no-contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶21}** Because appellant requests to withdraw his plea is made post-sentence, appellant must demonstrate a manifest injustice.

**{¶22}** Appellant has the burden of demonstrating a manifest injustice warranting the withdrawal of his guilty plea. *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph one of the syllabus; *State v. Aleshire,*2010-Ohio-2566, ¶ 60 (5th Dist.). Manifest injustice

relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Williams,* 2004-Ohio-6123, ¶ 5 (10th Dist.). A post-sentence motion to withdraw is allowed only in extraordinary circumstances. *Smith, supra,* at 264. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *State v. Wilkes, supra,* at ¶ 17 quoting *State v. Williams,* 2014-Ohio-5727.

**{¶23}** Appellant claims as manifest injustice the laboratory report his wife's counsel obtained for his wife's case demonstrated a difference in cocaine weight. Appellant claims that the difference in actual weight of the cocaine when separated from the toilet water would have been less than 20 grams. Appellant pleaded guilty to Count Three of the indictment agreeing that the amount of cocaine was equal to or exceeded 20 grams but less than 27 grams.

**{¶24}** We find that appellant has failed to demonstrate a manifest injustice.

**{¶25}** The Ohio Supreme Court in *State v. Stumpf,* 32 Ohio St.3d 95 (1967) rejected a similar argument. In that case, the defendant sought to withdraw his plea based on testimony made at a subsequent trial of another defendant, which indicated the defendant who had pleaded guilty did not commit the shooting. The court rejected the motion to withdraw a plea finding that a plea of guilty is a complete admission of guilt. "Based upon appellant's guilty plea and the evidence adduced at his sentencing hearing, we cannot say that the panel abused its discretion or that appellant met his burden of showing that manifest injustice had occurred." *Id.* at 104.

{¶26} In short, appellant's motion does not demonstrate a manifest injustice. In a negotiated plea, appellant pleaded guilty to a second-degree felony for possession of cocaine. In exchange, a first-degree felony and a fifth-degree felony were dismissed by the state. Nothing in that scenario compels this Court to find a manifest injustice.

*Law of the Case bars appellant's claims.*

{¶27} Appellant's motions raise the same issues as those raised by appellant in his prior appeal from the denial of his petition for post-conviction relief. Appellant argues that the laboratory report generated in his wife's case conflicts with the indictment which charged him with a second-degree felony of possession of cocaine. Appellant further claims ineffective assistance of trial counsel for failing to have the crack cocaine independently weighed. Appellant also claims that the trial court should have taken judicial notice of the weight of the crack cocaine from the laboratory report produced in his wife's case.

{¶28} This Court has already ruled on the merits of appellant's claims in *State v. Casey,* 2024-Ohio-746 (5th Dist.). Appellant appealed these same claims to the Ohio Supreme Court and the Ohio Supreme Court declined to accept jurisdiction of the case. *State of Ohio v. Michael E. Casey,* No. 2024-0477, jurisdiction declined 2024-Ohio-2373.

{¶29} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels." *State v. Godfrey,* 2023-Ohio-20, ¶ 29 (5th Dist.) quoting *Nolan v. Nolan* 11 Ohio St.3d 1 (1984).

**CONCLUSION**

**{¶30}** We find the trial court did not abuse its discretion in denying appellant's motion to set aside conviction and permit defendant to withdraw his guilty plea to correct manifest injustice and motion to take judicial notice of adjudicative facts.  Appellant's sole assignment of error is overruled.

**{¶31}** The April 15, 2024, judgment entry of the Guernsey County Common Pleas Court is affirmed.

By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/kt 1104